UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARNESTA L. DAVIS, | § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-08-1993 |
| MICHAEL J. ASTRUE, | § § § | |
| Defendant. | § | |

## ORDER

Before the court is Plaintiff's counsel, Victor N. Makris', Motion for Authorization of Attorney's Fees pursuant to 42 U.S.C § 406(b). (Dkt. 22). Counsel seeks fees from Plaintiff for federal court representation in the net amount of $12,598.25 (25% of plaintiff's awarded benefits less the $6,000.00 which has already been paid to counsel for his services at the administrative level) pursuant to his contingency fee arrangement with Plaintiff. *id.* Defendant Michael J. Astrue (the "Commissioner"), challenges the motion and argues that Plaintiff's counsel has not submitted adequate documentation to support an award of the requested attorney's fees. Def.'s Br. at 1. The Commissioner contends that the district court must take into account the amount of time counsel spent on the case in determining whether counsel's fee is reasonable. *id. at 3.*

Because a reviewing district court may not presume the legitimacy or reasonableness of a fee petition simply because the claimant has approved the fee, Makris must provide the Court with sufficient information for the Court to properly conduct an independent review. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (as an aid to

1

the Court's assessment of the reasonableness of the fee yielded by the fee agreement, the court may require counsel to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee). Here, Makris' motion does not contain sufficient documentation for the Court to determine that the fee sought is reasonable for the services rendered, as he has failed to include with his motion or his brief in support an itemization (*e.g.* time record, billing statement) of his attorney's fees, segregating federal court and administrative representation of Plaintiff. *See* (Dkt. 22). Plaintiff's counsel only claims that "a considerable amount of time" was invested in the case. *id.* Because Plaintiff's counsel has not provided an itemization of hours for work performed in this matter, it is, therefore,

**ORDERED** that on or before June 15, 2011, Makris shall file a supplement to his Motion for Authorization of Attorney's Fees, attaching to his supplement an itemization of his attorney's fees for the federal court representation.

Signed at Houston, Texas on May 31, 2011.

George C. Hanks, Jr.
United States Magistrate Judge